UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | CR-04-23-B-W |
| | ) | |
| STEVEN COLBY, | ) | |
| | ) | |
| Defendant. | ) | |

**SENTENCING ORDER**

     Steven Colby and Teenia Colby, husband and wife, committed the same crime, but because of the dates of their sentencings, Steven Colby now faces years in prison, while Teenia Colby has completed her one month incarceration. Sentenced without any enhancements in the fog between *Blakely*[1] and *Booker*,[2] Teenia Colby received a prison term of one month, three years supervised release, the first seven months to be served in home confinement. Awaiting sentencing with full enhancements in the light of *Booker*, Steven Colby faces a Guideline range of sentence between thirty-seven and forty-six months. Following Judge Hornby's lead in *United States v. Revock*, 353 F. Supp. 2d 127, 129 (D. Me. 2005), this Court concludes the disparity factor of 18 U.S.C. § 3553(a) requires a statutory sentence outside the Guideline range for Mr. Colby, because he and his wife were engaged in joint criminal behavior and Ms. Colby – sentenced between *Blakely* and *Booker* without an appeal of sentence – received the benefit of this District's post-*Blakely* approach, while Mr. Colby sentenced after *Booker*, would not otherwise receive the same benefit.

---

[1] *Blakely v. Washington*, __U.S.__, 124 S.Ct. 2531 (2004).
[2] *United States v. Booker*, __U.S.__, 125 S.Ct. 738 (2005).

### I.    FACTS AND PROCEDURAL BACKGROUND

#### A.  Steven and Teenia Colby

Steven and Teenia Colby share much in common.  Married with two daughters and living in Maine, Teenia and Steven Colby were each convicted on April, 1990 in Hancock County Superior Court for the state of Maine of Trafficking in a Schedule Z Drug, Marijuana.[3]  These convictions prevent both Mr. and Ms. Colby from possessing firearms.  Despite the law, Firearms Transaction Records reveal that Ms. Colby continued on a surprisingly regular basis to purchase firearms from local retail merchants, beginning 1997.  In early 2003, after neighbors heard gun shots emanating from the Colby property, they alerted local police, because they were aware neither Colby was supposed to have a firearm.  On February 13, 2003, pursuant to a warrant, the police searched the Colby home and found five firearms, ranging from a .22 caliber rifle to a North China SKS 39m rifle.  Ms. Colby admitted her purchases and possession; Mr. Colby made no purchases, but admitted possession.  Even though he had not fired the firearms, he acknowledged he had instructed his wife on their use.

#### B.  Teenia Colby's Case and Sentence

By Information dated December 15, 2003, the Government charged Ms. Colby with being a felon in possession of firearms, a violation of 18 U.S.C. § 922(g)(1).  Ms. Colby pleaded guilty on January 4, 2004 and she was sentenced on September 15, 2004 after the United States Supreme Court's ruling in *Blakely*.  The Presentence Investigation Report (PSR) found Ms. Colby's total offense level was twenty; it imposed a three level increase since the instant offense involved between eight and twelve firearms;[4] and, after granting a three-level reduction for

---

[3] Teenia Colby was convicted on April 2, 1990 of Trafficking in a Schedule Z Drug, a Class C felony; Steven Colby was convicted on April 6, 1990 of Aggravated Trafficking in a Schedule Z Drug, a Class B felony.  His classification was enhanced because he carried a firearm during the commission of the crime.
[4] The PSR counted the firearms she purchased from 1997 onward plus the firearms in the Colby residence.

acceptance of responsibility; it calculated a total offense level of twenty. With a criminal history category of I, the Guideline range of sentence was between thirty-three and forty-one months imprisonment.[5] After *Blakely,* but before *Booker,* this District required facts supporting Guideline enhancements either admitted by the defendant or proven to a jury beyond a reasonable doubt. Stripped of enhancements, Ms. Colby received a sentence substantially lower than the applicable Guideline range, spending only one month in prison and seven months in home detention.

### C. Steven Colby's Case and Guideline Sentence

By Indictment dated March 9, 2004, the Government charged Steven Colby with being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). Mr. Colby pleaded guilty to the charged offense on October 20, 2004.[6] Mr. Colby's PSR was completed on January 12, 2005 and revised on February 18, 2005. The Report essentially tracked Ms. Colby's, arriving at a total offense level of twenty. With a criminal history category II, Mr. Colby's Guideline range for incarceration falls between thirty-seven to forty-six months.[7]

### D. Teenia and Steven Colby: A Comparison

Despite their striking similarities, there are differences between Teenia and Steven Colby. First, because Ms. Colby's criminal history category was Category I and Mr. Colby's is Category II, Mr. Colby faces a slightly higher sentencing range. This is because when they trafficked in marijuana in 1990, Mr. Colby packed a firearm and Ms. Colby did not. He, therefore, received a firearms enhancement and a prison term and she did not. His prior possession of a firearm

---

[5] The Guideline also includes a period of supervised release between two and three years, a fine between $7,500.00 and $75,000.00, and a special assessment of $100.00.

[6] It is true that Ms. Colby pleaded guilty within one month of being charged and Mr. Colby waited seven months before pleading guilty. If he had pleaded guilty as quickly as his wife, he would likely have been sentenced under the District policies during the interregnum. However, the delay was caused primarily by his counsel's exploration of a motion to suppress and by his medical condition and this Court does not hold the delay against him.

[7] He faces the same periods of supervised release, the same fine range, and the same special assessment as Ms. Colby.

3

during the commission of a drug trafficking offense could justify a higher sentence this time as well, especially because the current offense is a firearms offense.

Mr. Colby's complicity in this crime, however, is markedly less than his wife's. Ms. Colby made each of the firearms purchases from 1997 onward; Mr. Colby purchased no firearms. Further, Mr. and Mrs. Colby had been separated since 2000 and therefore, at the time of many of Ms. Colby's firearms purchases and at the time of the search, Mr. Colby was not actually living in the Colby home in Franklin. He was instead living in Bar Harbor, Maine with his father. Ms. Colby was living with one of their daughters in the residence where the firearms were found. The regularity of his visits to the Colby home in Franklin and his instructing his wife on the use of the firearms were sufficient to constitute constructive possession, but his actual possession was neither alleged nor established.

In all other respects relevant to sentencing, they are virtually indistinguishable. They grew up in the same area of Maine and, in fact, have known each other since age fourteen. They have been married since 1982. Ms. Colby is better educated, completing two years of college; whereas, Mr. Colby dropped out of school in the ninth grade, and Ms. Colby has worked more recently. Although Mr. Colby contends with a more impressive array of medical and psychological problems, they have each received social security disability benefits. They present a similar history of substance abuse and have similar, though not identical, criminal records and they responded in similar ways to the pending charges.

## II.   DISCUSSION

### A.  The Guideline Sentence

*Booker* instructs sentencing courts to "consult [the] Guidelines and take them into account when sentencing." *Booker,* 125 S. Ct. at 767. Consulting the Guidelines and applying

them to Mr. Colby's case, the inescapable result is that Mr. Colby would be sentenced under the Guidelines to a significantly harsher sentence than Ms. Colby received.[8]  The Defendant has not filed a motion for downward departure and this Court is unaware of any Guideline provision that would justify a sentence outside the Guideline range of thirty seven to forty six months.  *See United States v. Thurston,* 358 F.3d 51, 78 (1st Cir. 2004)("…basing the departure on grounds of disparity in sentence alone between Thurston and Isola was beyond the district court's authority."), *vacated and remanded on other grounds,* __ U.S.__, 125 S. Ct. 984 (2005); *United States v. Wogan,* 938 F.2d 1446, 1449 (1st Cir. 1991).

### B.  The Statutory Sentence

Once the sentencing court has taken the Guidelines into account, it is required to assess whether the Guideline sentence meets the sentencing goals set forth in 18 U.S.C. § 3553(a).  *Booker*, 125 S. Ct. at 764.  The Act "requires judges to consider the Guidelines 'sentencing range established for … the applicable category of offense committed by the applicable category of defendant,' § 3553(a)(4), the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims (citations omitted).'"  *Id.* at 764-65 (emphases supplied).  Unlike the Guidelines, the statute expressly provides that the sentencing court "shall consider… the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).  Under *Booker*, the sentencing court is not merely free to consider, it must consider a factor impermissible under the Guidelines:  whether the Guideline sentence would perpetrate "unwarranted sentencing disparities."  18 U.S.C. § 3553(a)(6).

---

[8] In Ms. Colby's case, the Government agreed to support a reduction under U.S.S.G. § 2K2.1(b); it made no similar agreement with Mr. Colby.  In sentencing Ms. Colby, the Court did not concur with the application of the sporting use exception and there is no evidence that the exception not applicable to Ms. Colby, would be applicable to Mr. Colby.

In making this assessment, this Court is unable to distinguish the facts in Colby from the facts in *Revock* and it concurs fully with Judge Hornby's thoughtful analysis in *Revock*. Judge Hornby specifically limited application of the disparity factor of section 3553(a) to

> . . . a very narrow category of cases. It applies to defendants with similar records who engaged in joint criminal behavior where one participant—sentenced between *Blakely* and *Booker* without an appeal of the sentence—received the benefit of this District's post-*Blakely* approach, while the other participant was sentenced after *Booker*, without receiving the same benefit.

*Id.* The narrow *Revock* holding applies with equal force here.

### III. CONCLUSION

Applying the sentencing factor set forth in 18 U.S.C. § 3553(a)(6), this Court imposes a statutory sentence outside the Guideline range on Defendant Steven Colby: one month incarceration followed by three years supervised release, the first seven months to be served in home confinement, and a $100.00 special assessment.

**SO ORDERED.**

/s/John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of May, 2005